**Florence YALEM, by Richard L. Yalem, Guardian, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 67C 442(3)

United States District Court
E. D. Missouri, E. D.

Nov. 7, 1968.

Lowenhaupt, Chasnoff, Freeman & Holland, St. Louis, Mo., for plaintiff.

Veryl Riddle, U. S. Atty., and Jim J. Shoemake, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

In this action plaintiff seeks to recover federal gift taxes allegedly erroneously and illegally assessed and collected for the calendar year 1966. The Government has filed a counterclaim. We have jurisdiction under Section 1346(a) (1), Title 28 U.S.C., and the Internal Revenue Code of 1954.

The sole evidence introduced at the trial of this case was in the form of a stip-

ulation agreed to by the parties as the facts in this case. We find therefrom that at the time this action was filed and for many years prior thereto plaintiff, Florence Yalem, was a resident and was domiciled in the County of St. Louis, Missouri. On January 25, 1967, the Probate Court of St. Louis County, Missouri, adjudicated and declared Florence Yalem to be incompetent and unable to administer her own affairs, and Richard L. Yalem was duly appointed by said Court as Guardian of her person and estate. This action is brought by said Richard L. Yalem, as Guardian, on behalf of his ward.

On April 17, 1967, plaintiff, Florence Yalem, filed a United States Gift Tax Return for the calendar year 1966 with the District Director of Internal Revenue, St. Louis, Missouri.° The return disclosed gifts in trust of International Telephone and Telegraph Corporation shares of common and preferred stock in the gross amount of $4,272,500, and a tax on such gifts in the amount of $1,532,636.19. Said tax was paid and collected on April 17, 1967, at the time the return was filed. On July 14, 1967, said amount of $1,532,636.19 was assessed against plaintiff by the District Director. In the interim, on May 22, 1967, plaintiff, acting through her guardian, Richard Yalem, filed a claim for a refund of said gift taxes with the District Director of Internal Revenue at St. Louis, Missouri. More than six months elasped after the filing of said claim and before the filing of this action and said claim has not been allowed.

On August 9, 1968, while this suit was pending, the District Director assessed against plaintiff and Richard Yalem, her Guardian, gift taxes in the principal amount of $107,092.12 and interest of $8,472.01, or a total assessment in the amount of $115,564.13 for the calendar year of 1966. This second assessment resulted from a determination by the Internal Revenue Service that the fair market value of the shares of International Telephone and Telegraph common and

preferred stock, the subject matter of the gifts shown by the gift tax return of Florence Yalem for the calendar year 1966, was in the total amount of $4,499,150, instead of the sum reported in the return. Notice of this assessment and demand for payment thereof was duly made, but it has not been paid. Defendant was duly authorized to file a counterclaim based upon the second assessment, and upon direction of the Attorney General and by leave of Court said counterclaim was filed under Section 4701 of the Internal Revenue Code of 1954.

The parties have agreed in the stipulation of facts that the determination made by the Internal Revenue service concerning the fair market value of the International Telephone and Telegraph stock is correct and that the additional assessment made by the District Director was legal and proper.

The complaint alleges that the gifts disclosed in the gift tax return for the calendar year 1966 were made while plaintiff was confined and mentally ill and with the consent, knowledge and approval of all persons interested and with the concurrence, cooperation and instrumentality of plaintiff's trustees, acting as her guardians de facto. It is further alleged that said gifts were appropriate, proper and reasonable, and that had plaintiff been fully aware of all her circumstances she would have made them. The complaint further alleges that plaintiff's guardian believes the gifts are valid, irrevocable and final, but also believes that a question exists as to whether or not they are so, and accordingly alleges that the gifts were not final, completed gifts in the year in question, and for such reason no gift tax was due and the amount assessed was erroneously and illegally collected. Although defendant's answer denies plaintiff's allegations that the gifts were not final and completed gifts in 1966 and that no gift tax was due, as well as the allegation that the amount assessed against plaintiff was erroneously and

illegally assessed and collected, defendant stated that it is presently without knowledge and information sufficient to form a belief as to the truth of the remainder of plaintiff's allegations pertaining to the possible invalidity of the gifts.

No evidence whatsoever was offered by plaintiff in support of her allegations respecting the alleged question posed by plaintiff's guardian concerning the mental incompetency of the plaintiff to make the gifts and the effect of such mental incompetency upon the gifts in question. In effect, plaintiff has abandoned the very foundation of her claim for refund, leaving this Court with no factual basis upon which a finding favorable to plaintiff could possibly be made.

The District Director based his assessment of July 14, 1967 on the facts stated in the return filed by plaintiff. So, too, the additional assessment made on August 9, 1968 was also premised on the truth of the basic facts stated in the return. For purposes of making the assessments the District Director was not required to go beyond the plaintiff's return which alleged the making of taxable gifts. The District Director made no determination, nor was he required to, concerning the effect of plaintiff's alleged mental illness at the time of the gifts reported on the return.

Concededly, an assessment made by the District Director is presumptively correct and the burden of proving the incorrectness of such an assessment is upon the taxpayer. Having wholly failed to present any evidence respecting the issue of the validity of the assessment of July 14, 1967 and having agreed that the assessment of August 9, 1967, is correct, plaintiff has obviously failed to sustain her burden of proof.

In this state of the record, defendant is entitled to judgment that plaintiff's complaint be dismissed with prejudice, that defendant recover judgment against plaintiff on its counterclaim for the principal amount of $115,564.13, together with 6 per cent interest per annum from the date of the assessment, and that defendant recover its costs.

The foregoing memorandum constitutes our findings of fact and conclusions of law and the Clerk is directed to enter judgment in accordance herewith.